# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 19, 2024
Lyle W. Cayce
Clerk

No. 24-60570

In re Electronic Security Association; Interactive Advertising Bureau; NCTA-The Internet & Television Association,

*Petitioners*.

Appeal from the Federal Trade Commission
Agency No. 16 CFR Part 425

UNPUBLISHED ORDER

Before Stewart, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:

Petitioners seek entry of a writ of mandamus directing the Federal Trade Commission (FTC) to notify the Judicial Panel on Multidistrict Litigation (JPML) about multiple petitions for review challenging its recently announced "Click-to-Cancel" Rule (the "Rule"), as required by 28 U.S.C. § 2112(a)(3). Petitioners also move for an administrative stay of the Rule until the lottery process has concluded. We GRANT the petition for writ of mandamus and DENY the motion for an administrative stay.

I

On October 16, 2024, the FTC announced a final rule relating to the cancellation of recurring subscriptions by publishing the Rule on its official

website, issuing a press release, and sharing it on social media.[1] The Rule itself states: "The [FTC] *issues* final amendments to the Commission's trade regulation . . . 'Rule Concerning Recurring Subscriptions and Other Negative Option Programs' . . . ."[2]

On October 22, 2024, Petitioners filed a petition for review of the Rule in this court. Petitions for review of the Rule were also filed in the Sixth, Eight, and Eleventh Circuits. On October 25, 2024, Petitioners' counsel wrote to the FTC informing it of the four petitions for review. On October 29, 2024, the FTC informed Petitioners' counsel that it could not yet notify the JPML about the petitions for review as required by 28 U.S.C. § 2112(a)(3) because "the ten-day period described in § 2112(a)(1) ha[d] not yet commenced." The FTC contended the "issuance" date would be the date on which the Rule was published in the Federal Register.

On November 14, 2024, after the petition for mandamus relief was filed in this court, the FTC submitted the Rule to the Federal Register for public inspection. The Rule was made available for public inspection the next day. *See* Negative Option Rule, 89 Fed. Reg. 90476 (Nov. 15, 2024) (to be codified at 16 C.F.R. pt. 425). The FTC states that it will notify the JPML of any petitions filed on or before November 25, 2025, including those filed before October 28, 2024.

---

[1] *See* FTC, *Negative Option Rule: Final Rule*, Federal Register Notices, https://perma.cc/YY3W-WCLG; Press Release, FTC, Federal Trade Commission Announces Final "Click to Cancel" Rule, https://perma.cc/GFC8-2ADZ; FTC (@FTC), X (Oct. 16, 2024, 6:51 P.M.), https://perma.cc/3C6U-YDD4.

[2] FTC, *Negative Option Rule: Final Rule* 1 (Oct. 16, 2024), https://www.ftc.gov/system/files/ftc_gov/pdf/p064202_negative_option_rule.pdf (Proposed text of Federal Register publication) (emphasis added).

Petitioners seek a holding that the Rule was "issued" on October 16, 2024, and a writ of mandamus (no later than November 19) ordering the FTC to notify the JPML of the petitions filed on or before October 28, 2024.[3] Petitioners also ask that the court enter an administrative stay of the Rule until the lottery process has concluded. The FTC responds that we lack jurisdiction to issue the writ under the All Writs Act and the APA.

## II

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under the All Writs Act, courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). But the All Writs Act, like the APA, is "not a source of subject matter jurisdiction." *United States v. Denedo*, 556 U.S. 904, 914 (2009); *Stockman*, 138 F.3d at 152 n.13.

Under Section 57a(e)(3) of the Federal Trade Commission Act (FTCA), we have jurisdiction over the petition for review pending in our court. 15 U.S.C. § 57a(e)(3). The statute expressly authorizes us to "to grant appropriate relief, including interim relief" as provided by the APA. *Id.* And we have "interpret[ed] the All Writs Act and the APA to provide separate, but closely intertwined, grounds for mandamus relief." *In re La. Pub. Serv. Comm'n*, 58 F.4th 191, 192 (5th Cir. 2023).

---

[3] Petitioners fail to explain why emergency relief is needed by November 19 as required by 5th Cir. R. 27.3.

Section 57a(e)(5)(B) of the FTCA likewise vests the courts of appeal with "exclusive jurisdiction of any action to obtain judicial review" of FTC rules promulgated under 15 U.S.C. § 57a(a)(1)(B). This kind of exclusive "jurisdictional grant, 'when read in conjunction with the APA'" confers on the courts of appeal the "exclusive authority to resolve allegations that [the agency] unlawfully failed to act." *See JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 600 (5th Cir. 2016) ("[W]here courts of appeals have exclusive jurisdiction to review OSHA actions, they also have exclusive authority to resolve allegations that OSHA unlawfully failed to act."); *Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 75–79 (D.C. Cir. 1984) (holding that the All Writs Act authorizes courts of appeals to issue writs of mandamus compelling agencies to take "unreasonably delayed action" where they have exclusive jurisdiction to review final orders issued by the agency). Accordingly, if mandamus is warranted, this court is "empower[ed]" by the All Writs Act to issue it. *See In re La. Pub. Serv. Comm'n*, 58 F.4th at 192.

III

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases.'" *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (citation omitted). "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). "[M]andamus is not available to review discretionary acts of agency officials." *Id.* (citations omitted).

IV

At issue is when the Rule was "issued" for purposes of 28 U.S.C. § 2112(a)(3). Petitioners argue that the Rule was "issued" on October 16 because the FTC publicized the Rule to its website, released a press

statement about it, and posted it to social media. The FTC argues that the Rule was issued on November 15, when it was published in the Federal Register.

Under the Federal Trade Commission Act, the FTC "may prescribe . . . rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 57a(a)(1)(B). "Not later than 60 days after a rule is promulgated[,]" any interested person may file a petition for judicial review of the rule in a court of appeals. *Id.* § 57a(e)(1)A). "If within ten days after issuance of the order," a rule is challenged in more than one court of appeals, the FTC "shall[] promptly" notify the JPML. 28 U.S.C. § 2112(a)(1), (a)(3). The JPML shall then,

> by means of random selection, designate one court of appeals, from among the courts of appeals in which petitions for review have been filed and received within the ten-day period specified[,] . . . in which the record is to be filed, and shall issue an order consolidating the petitions for review in that court of appeals. . . . The [FTC] shall file the record in the court of appeals designated pursuant to this paragraph.

*Id.* § 2112(a)(3). The parties do not dispute that the FTC must begin this process. Rather, they dispute *when* the FTC must do so.

We begin with the statutory text. *United States v. Palomares*, 52 F.4th 640, 642 (5th Cir. 2022). The term "issuance" is not defined in the statute. "This silence compels us to 'start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used.'" *Russello v. United States*, 464 U.S. 16, 21 (1983) (quoting *Richards v. United States*, 369 U.S. 1, 9 (1962)). Issuance is "the action of supplying or distributing something, especially for official purposes" or "the action of formally making something known." *Issuance*, Oxford Dictionaries,

https://premium.oxforddictionaries.com/us/definition/american_english/issuance (last visited Nov. 8, 2024). "Issuance" has been interpreted similarly by other courts. *See, e.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 676 (1950) ("[A] certificate cannot be said to have been *issued* for purposes of . . . seeking of reconsideration by an aggrieved person if its substance is merely in the bosom of the [agency]. Knowledge of the substance must to some extent be made manifest." (emphasis added)); *see also Fla. Mfrd. Hous. Ass'n, Inc. v. Cisneros*, 53 F.3d 1565, 1574 (11th Cir. 1995) (holding that a regulation was "issued" when it was published in the Federal Register because "[t]he verb 'issue' clearly refers to an act of public announcement");[4] *Paine v. Merit Sys. Prot. Bd.*, 467 F.3d 1344, 1347 (Fed. Cir. 2006) (finding that an agency had issued a decision when it placed it in the mail because it "had announced the decision in writing and had put it forth for distribution to the effected parties").

Here, the FTC made the Rule publicly known on October 16 by publishing it on its official website, releasing a press statement, and sharing it on social media. It specifically used the word "*issues*" in announcing the final amendments to the FTC's trade regulation. By contrast, the FTC cites no authority establishing that the only way to put the public on notice of the Rule is through publication in the Federal Register. Nor have we found any.

---

[4] The FTC cites *Cisneros* to support its argument that a rule "issues" only when it is published in the Federal Register. At issue in *Cisneros* was whether a regulation was "issued" on the date that the regulation itself was dated or on the date it was published in the Federal Register. 53 F.3d at 1573. The court held that the regulation was "issued" *when the public was put on notice of the regulation's content*. *Id.* at 1574. In *Cisneros*, that occurred when the regulation was published in the Federal Register. *Id.* Here, the public was put on notice when the FTC published the Rule to its website—before it was published in the Federal Register.

Petitioners, having filed a petition for review of the Rule, have a "clear right to relief." *Wolcott*, 635 F.3d at 768. Because the FTC, by its own statements, issued the Rule on October 16, it was obligated to notify the JPML of the petitions for review filed within the ten-day period following the Rule's issuance. *See* 28 U.S.C. § 2112(a)(3) ("If an agency, board, commission, or officer receives two or more petitions for review of an order[,] . . . the agency, board, commission, or officer *shall*, promptly after the expiration of the ten-day period . . . notify the [JPML] . . . ."). The FTC therefore had a "clear duty to act." *Wolcott*, 635 F.3d at 768. Absent mandamus, the FTC will wait until after November 25 to send the petitions to the JPML, by which point additional petitions may be filed in other circuits. Accordingly, no other adequate remedy exists. *Id.* Mandamus is granted.

Finally, Petitioners argue this court should administratively stay the Rule until the JPML lottery process is complete in order to preserve the status quo. Here, the Rule is not yet in effect, so an administrative stay is not necessary to preserve the status quo, especially in light of Petitioners' request that relief be granted by November 19. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) ("[A]n administrative stay buys the court time to deliberate. . . . [and] should last no longer than necessary to make an intelligent decision on the motion . . . .").

* * *

The petition for writ of mandamus is GRANTED. Petitioners' motion for an administrative stay is DENIED.